Minehan, J.
The defendant, Ann I. Eriksen, a real estate salesperson, appeals from the trial court’s award of damages against her for the wrongful withholding of funds placed in escrow. We find no error in the decision of the trial court.
The plaintiffs, proposed buyers in a real estate transaction, filed this action seeking return of their deposit from defendants, Ann I. Eriksen, a salesperson, and Rodney A Eriksen, a broker. Plaintiffs also sought interest on their deposit, and damages for alleged violations of M.G.L. ch. 93A Following the conclusion of the evidence, defendant Ann I. Eriksen made no requests for rulings of law.
The trial court made factual findings that on May 5, 1995 plaintiffs made a $1,000 deposit and a written offer to purchase property in East Sandwich, owned by Arthur Hyslop, executor. The money and offer went to defendant Ann Eriksen as salesperson for the seller. Without any written escrow agreement, Ms. Eriksen was to hold the Morell’s deposit, and any additions thereto, until a full agreement was reached between the buyers and the seller.
Prior to the plaintiffs signing a purchase and sales agreement, plaintiff Barry Morell made some changes to the document and returned it, together with a check for $13,800 to Ms. Eriksen for Mr. Hyslop’s approval. Defendant Eriksen deposited both checks totaling $14,800 in her bank account. On May 30,1995, the purchase and sale agreement, with new changes made by Mr. Hyslop, was returned to the plaintiffs. On June 2,1995, plaintiff Barry Morell confirmed that he no longer wished to buy the property, and requested the return of all deposits. Defendant Eriksen refused to return the money. However, in February 1997, months after the action was filed, the original deposit of $14,800 was returned. After trial, the court found in favor of plaintiffs against Ann I. Eriksen for $2,960, constituting interest at 12% per annum on $14,800 from May 31,1995 until February 5, 1997. The court found that defendants’ conduct did not violate M.G.L. ch. 93A, and the court found in favor of Rodney Eriksen.
The defendant argues that the complaint contains language seeking relief exclusively under M.G.L. ch. 93A Since the trial court found in favor of the broker on that count, defendant asserts its damage award against her as a salesperson is in error.
We disagree. Plaintiff’s complaint provides clear notice to defendant that damages are sought for the return of the deposit with interest. Plaintiff also seeks relief *15 under M.G.L. ch. 93A The court found on the credible evidence that the money was to be held by the defendant until a full agreement was reached between the buyers and the seller. The court found that if the plaintiffs requested return of the deposit before the agreement was reached, the request was to be honored. The court’s factual findings clearly support a judgment of damages against defendant, Ann I. Eriksen.
Defendant also argues that the trial court should have computed interest at the bank passbook rate, as opposed to the statutory interest rate of twelve percent. We disagree. The trial court found that there was no formal escrow agreement. Accordingly, the court appropriately assessed interest at the statutory rate of twelve percent from the date of demand pursuant to M.G.L. ch. 231, §6C.
Notwithstanding this Court’s decision that the trial court was not in error, we note that the proper procedure to correct any claimed inconsistency in the trial court’s findings is a motion to correct the findings or a motion for a new trial. Raytheon Manufacturing Co. v. Indemnity Insurance Co., 333 Mass. 746, 749 (1956). Further, it is fundamental that in order to obtain appellate review, a party must submit requests for rulings of law. The defendant did not file any requests for rulings of law, and on this basis, the appeal is dismissed.